**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-7095**

---

STEVIE BULLARD,

        Plaintiff - Appellee,

     v.

DONNIE ALMAN, Bladen County Jail,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:15-ct-03085-BO)

---

Submitted:  December 28, 2017                 Decided:  January 22, 2018

---

Before GREGORY, Chief Judge, and THACKER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Sonny Sade Haynes, WOMBLE BOND DICKINSON (US) LLP, Winston-Salem, North Carolina, for Appellant.  Stevie Bullard, Appellee Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

North Carolina prisoner Stevie Bullard filed the underlying 42 U.S.C. § 1983 (2012) action, alleging that he was subjected to excessive force and denied medical care in violation of his constitutional rights. Defendant Alman moved for summary judgment, invoking the defense of qualified immunity. The district court denied Alman's summary judgment motion, and Alman appeals, arguing that the district court erred in denying summary judgment on his qualified immunity defense.

This court may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders. 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Although interlocutory orders generally are not appealable, an order denying a defendant's claim of qualified immunity is immediately appealable under the collateral order doctrine "to the extent that it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Iko v. Shreve*, 535 F.3d 225, 234 (4th Cir. 2008). However, a district court's determination that a genuine issue of material fact exists that precludes summary judgment on qualified immunity grounds is not immediately appealable. *Johnson v. Jones*, 515 U.S. 304, 313-20 (1995); *Culosi v. Bullock*, 596 F.3d 195, 201 (4th Cir. 2010). Thus, this court has "no jurisdiction over a claim that a plaintiff has not presented enough evidence to prove that the plaintiff's version of the events actually occurred, but [the court has] jurisdiction over a claim that there was no violation of

2

clearly established law accepting the facts as the district court viewed them." *Winfield v. Bass*, 106 F.3d 525, 530 (4th Cir. 1997) (en banc).

In this case, the district court denied qualified immunity to Alman at the summary judgment stage, finding that there were genuine issues of material fact as to whether he deployed force against Bullard that was constitutionally excessive and acted with deliberate indifference to Bullard's serious medical needs. Because the qualified immunity determination in this case ultimately turns on unresolved questions of fact, and Alman challenges on appeal the sufficiency of the evidence Bullard produced to support his version of the events, we do not possess jurisdiction over this appeal. Accordingly, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*